## TOM SMART v. STATE.

No. A-2716. Opinion Filed August 31, 1918.

(174 Pac. 299.)

1. **APPEAL AND ERROR—Review—Motion for New Trial.** As a general rule, the finding of the trial court upon an issue of fact arising upon affidavits and evidence adduced on a motion for new trial will not be disturbed, where the evidence reasonably tends to support such finding.

2. **SAME—Discretion of Court.** Where, in a motion for new trial on the ground that the defendant did not have a fair and impartial trial before an impartial jury, affidavits are attached to the motion tending to show that two of the persons selected as jurors had previously formed and expressed opinions as to the guilt of the defendant, and the state files controverting affidavits of the jurors named, wherein they deny making any such statements, and on the issue of fact thus raised testimony is taken and the motion for a new trial is overruled, held that, in the absence of a showing of abuse of discretion, the decision of the trial court will not be disturbed.

*Appeal from District Court, Adair County;*
*John H. Pitchford, Judge.*

Tom Smart was convicted of murder, and appeals. Affirmed.

*Pete Helton* and *W. L. Chase,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

DOYLE, P. J.   This appeal is from a judgment of conviction of murder and sentence in accordance with the verdict of the jury of imprisonment for life at hard labor. The information charged the defendant, Tom Smart, with the murder of one John Sanders, alleged to have been committed in Adair county on or about the 14th day of September, 1915.

The evidence shows that there was a stomp dance north of Proctor, and about 9 o'clock at night on the day alleged in the information John Sanders, a deputy constable, with one or two other officers, left the dance and went to a mountain near by to apprehend whisky peddlers, and there found Tom Smart with two or three gallons of whisky near by.   One of the officers spoke to Smart, and he commenced shooting at them with a pistol.   Numerous shots were exchanged. John Sanders fell mortally wounded and died the next day.   Jerry Leep testified that he had just bought two quarts of whisky from Smart, and that Smart fired the first shot.   Another witness testified that he sold Tom Smart a sack of bottles that evening.   Other witnesses testified that at the stomp dance that day Tom Smart said he would kill the first man that crossed his trail that night.

As a witness in his own behalf, the defendant testified that the whisky found near where the shooting occurred belonged to his son, Frank, and Jim Leep; that

together they left his home that evening to go to the stomp dance, and he stopped where they placed the whisky in a hollow of the mountain, waiting for Jim Leep to bring a horse for him to ride on down to the stomp dance; that he carried his pistol with him that evening because a neighbor, Frank McGowan, had made threats that he was going to kill him; that while he was waiting two or three men came up the trail, and one of them struck a match and pointed a pistol at him; that, thinking it was Frank Mc-Gowan, he drew his pistol, and one of the men shot him; that he then fired several shots in self-defense. Other evidence for the defense tended to show that Frank McGowan had threatened to shoot the defendant.

Upon a careful consideration of the record, we find that the only error assigned of sufficient merit to require notice is that the court erred in overruling the motion for a new trial. One of the grounds of the motion is that the defendant did not have a fair and impartial trial before an impartial jury, in that two of the jurors, viz., A. J. Arnett and Walter Bateman, had, before they were selected as jurors, formed and expressed their opinion as to the guilt of the defendant. In support of this ground, the affidavits of J. G. Gordon and Clara Gordon were filed, wherein affiants state that the juror Arnett, speaking of the first trial of the defendant, Tom Smart, said that he could not see how a jury could fail to agree on a verdict, that he had heard the evidence, and that the defendant, Tom Smart, ought to have been convicted and sent to the penitentiary or the electric chair. Also the affidavit of Emery Hughes, wherein affiant states that he inquired of Walter Bateman if he knew how the jury stood in the Smart Case, meaning the first trial, and Bateman said that the jury stood seven for murder and five for man-

slaughter, and that from what he had heard the defendant, Tom Smart, should have been convicted. The motion alleges that at the time said jurors were accepted neither the defendant nor his attorneys knew that said jurors had made such statements, or that they had formed or expressed any opinion as to the guilt of the defendant. In reply to said motion and affidavits thereto attached, the state filed the controverting affidavits of the jurors Arnett and Bateman. On the issue of fact thus raised, testimony was taken. The affiant Gordon was called, and testified that juror Arnett made the statement as set forth in his affidavit. On cross-examination he admitted that he had been convicted of gambling several times and that he had followed no vocation other than gambling for the past two years. Affiant Hughes was called, and testified that he was the manager of the Club pool room at Stilwell, and that the juror Bateman stated to him, "From what he had heard he thought he would be stuck, or something like that." The jurors, Arnett and Bateman, each testified that he made no such statement, nor any similar statement.

It is a settled rule of this court that the finding of the trial court upon a question of fact arising upon affidavits and evidence adduced on a motion for a new trial will not be disturbed, where the evidence reasonably tends to support such finding. *Owen v. State,* 13 Okla. Cr. 195, 163 Pac. 548; *Horton v. State,* 10 Okla. Cr. 294, 136 Pac. 177; *Smith v. State,* 5 Okla. Cr. 282, 114 Pac. 350. In the case of *Stouse et al. v. State,* 6 Okla. Cr. 415, 119 Pac. 271, it is said:

"It is well settled that, as a general rule, a verdict will not be set aside for reasons that would be sufficient to disqualify on a challenge for cause, which existed before

the juror was sworn, but which were unknown to the accused until after the verdict, unless it appears from the whole case that the accused suffered injustice from the fact that the juror served in the case."

We are of opinion that the defendant had a fair and impartial trial, and the trial court properly overruled the motion for new trial.

Aside from the testimony of the defendant that he fired the shots in his necessary self-defense, the evidence is undisputed that he fired the fatal shots in an effort to prevent the officers from apprehending him and seizing the whisky in his possession.

Upon the law of the case, the charge of the court was full, clear, and adequate to a proper instruction of the jury, and upon the whole case we have failed to discover any prejudicial error. The judgment of the district court of Adair county herein is therefore affirmed.

ARMSTRONG and MATSON, JJ., concur.